IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TODD JEFFREY GATES, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 21-00237-KD-B |
| | * | |
| CHRISTOPHER GORDY, *et al.,* | * | |
| | * | |
| Respondents. | * | |

## REPORT AND RECOMMENDATION

Todd Jeffrey Gates, a state inmate in the custody of Respondents, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases.[1] Based upon a careful review of Gates' petition and the Court's records,[2] it is recommended that the petition be

---

[1] The record is adequate to determine Gates' claim; thus, no federal evidentiary hearing is required. Kelley v. Secretary for Dep't of Corrs., 377 F.3d 1317, 1333-35 (11th Cir. 2004), *cert. denied*, 545 U.S. 1149 (2005).

[2] The Court takes judicial notice of court documents from Gates v. Crowe, 18-cv-00270-TFM-MU (S.D. Ala.), because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Morton v. Bank of America Corp., 2012 U.S. Dist. LEXIS 127389, *4 n.4, 2012 WL 3901749, *2 n.4 (noting that "[p]ursuant to Rule 201(b) of the

**DISMISSED** as an improper successive petition due to Gates' failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## I.    PROCEDURAL HISTORY[3]

In March 2006, Petitioner Todd Jeffrey Gates was indicted on one count of first degree receipt of stolen property and one count of first-degree theft of property (Baldwin County Circuit Court, CC-06-413).  See Gates v. Crowe, 18-cv-00270-TFM-MU (S.D. Ala.), Doc. 16.  Pursuant to a plea agreement, the indictment was amended to charge *second*-degree receipt of stolen property.  Gates pleaded guilty to the amended charge, and the theft of property charge was *nol-prossed*.  Id.  The trial court withheld adjudication and sentencing for a minimum period of three years pending Gates successfully completing a pretrial intervention program.  Id.

In September 2009, Gates was indicted for second-degree rape (Baldwin County Circuit Court, CC-09-2292).  Before proceedings on the second-degree rape charge were completed, Gates was indicted

---

Federal Rules of Evidence, a court has the discretion to *sua sponte* take judicial notice of certain facts, including court documents from a prior proceeding"); Horne v. Potter, 392 Fed. Appx. 800, 802 (11th Cir. 2010)("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'")(quoting Fed. R. Evid. 201(b)).

[3] Much of the procedural history detailed herein is taken from the Court's order recommending the dismissal of Gate's previous § 2254 habeas petition in Gates v. Crowe, 18-cv-00270-TFM-MU (S.D. Ala.), Doc. 16.

in December 2009 for first degree unlawful manufacturing of a
controlled substance (Baldwin County Circuit Court CC-09-2580).
Gates was convicted of the manufacturing charge and sentenced to
25 years' imprisonment for that conviction in August 2010.[4]

On December 16, 2010, Gates pleaded guilty to second-degree
rape (in CC-09-2292) and was sentenced to 20 years' imprisonment.
In the same proceeding, the trial court adjudicated Gates guilty
of *first*-degree receiving stolen property (in CC 06-413), not
*second*-degree receiving stolen property (the crime to which he had
pleaded guilty), and sentenced him to 20 years' imprisonment.  The
trial court ordered the sentences to run concurrently with each
other and with the 25 year sentence in CC-09-2580 (unlawful
manufacturing of a controlled substance).  Gates did not appeal
his convictions and sentences in the rape and receiving stolen
property cases (CC-06-413 and CC-09-2292).  See Gates v. Crowe,
18-cv-00270-TFM-MU (S.D. Ala.), Doc. 16.  However, Gates did file
a Rule 32 petition challenging his convictions and sentences

---

[4] Gates appealed his manufacturing conviction and sentence, and
the Alabama Court of Criminal Appeals affirmed them.  See Gates v.
Crowe, 18-cv-00270-TFM-MU (S.D. Ala.), Doc. 16 at 3 (citing Gates
v. State, 107 So. 3d 231 (Ala. Crim. App. 2011)).  The Alabama
Court of Criminal Appeals also affirmed the trial court's summary
dismissal of Gates' 2012 Rule 32 petition challenging his
manufacturing conviction and sentence.  See id. (citing Gates v.
State, 195 So. 3d 1080 (Ala. Crim. App. 2014)).  This Court
likewise denied Gates' § 2254 federal habeas petition challenging
his conviction and sentence for manufacturing methamphetamine.  See
Gates v. Daniels, 15-cv-00246-CG-N (S.D. Ala).

related to the rape and receiving stolen property cases. The circuit court ultimately granted the Rule 32 motion with respect to Gates' erroneous conviction and sentence for *first* degree receiving stolen property (CC 06-413) and re-sentenced him to 10 years for *second* degree receiving stolen property. The court denied all requests for relief on the rape conviction and sentence (CC-09-2292). See <u>Gates v. Daniels</u>, 15-cv-00246-CG-N (S.D. Ala), Doc. 16 at 7-8.

Gates then appealed the trial court's ruling on his Rule 32 motion, challenging both his 2010 conviction and sentence in CC-06-413 (first degree receiving stolen property) and his 2010 conviction and sentence in CC-09-2292 (second-degree rape).[5] His appeals were rejected by the state courts, and Gates thereafter filed a § 2254 petition in this Court on June 8, 2018, challenging those same convictions and sentences. See <u>Gates v. Crowe</u>, 18-cv-

---

[5] As noted, *supra*, in the Rule 32 proceedings, the circuit court found that, because Gates pleaded guilty to *second* degree receiving stolen property, the trial court erred when it adjudicated and sentenced him on a charge of *first* degree receiving stolen property. Thus, the court granted Gates' Rule 32 petition, in part, and resentenced Gates on the charge of *second* degree receiving stolen property. Gates, however, argued that, due to the court's error, he should have been allowed to withdraw his guilty pleas in CC-06-413 (receipt of stolen property) and CC-09-2292 (second degree rape). The trial court and the state appellate courts rejected these assertions. See <u>Gates v. Crowe</u>, 18-cv-00270-TFM-MU (S.D. Ala.), Doc. 16 at 9-11. As discussed herein, Gates continued this challenge to these convictions and sentences in his § 2254 petition filed in this Court on June 8, 2018, and in the instant petition. <u>Id.</u>

00270-TFM-MU (S.D. Ala.), Doc. 16 at 9-11, 21.  On January 7, 2019,

this Court denied the § 2254 petition on the merits and held that

any new claims suggested by the petition would be procedurally

barred.[6]  See Gates, 18-cv-00270-TFM-MU (S.D. Ala.), Doc. 16 at

31.

Notwithstanding this Court's dismissal of Gates' § 2254

petition on January 7, 2019, Gates filed the instant § 2254 habeas

petition on March 11, 2021, again challenging the same 2010

convictions for first degree receiving stolen property (CC-06-413)

and second-degree rape (CC-09-2292).[7]  (Doc. 1 at 1).  The instant

petition is therefore successive.  See Clark v. McLaughlin, 2017

U.S. Dist. LEXIS 194551, *2, 2017 WL 9478488, *1 (N.D. Ga. Oct.

---

[6] This Court rejected Gates' argument that "because the trial court
lacked any authority to adjudicate him guilty of and sentence him
on the charge of first-degree receipt of stolen property, this
lack of authority/error permeated (or infected) the entirety of
the proceeding on December 16, 2010," such that the trial court
could not validly accept his guilty pleas on either the rape charge
or the receipt of stolen property charge.  See Gates, 18-270-TFM-
MU, Doc. 16 at 24-25. This Court held that Gates' claim involved
"purely state law questions not cognizable on federal habeas
review," that Gates had failed to show that the state court's
decision was contrary to federal law or involved an unreasonable
application of federal law, and that, to the extent that Gates
suggested that his plea was not knowing and voluntary, any such
claim was procedurally barred, with no applicable exception.  Id.
at 22-24, 26-29.

[7] Despite his previous habeas filing related to these same
convictions and sentences, when asked on the habeas petition form
if he had previously filed any type of petition or motion in a
federal court regarding the conviction that he was challenging in
the instant petition, Gates stated "no."  (Doc. 1).

30, 2017), *report and recommendation adopted*, 2017 WL 5736241 (N.D. Ga. Nov. 27, 2017).

Gates does not allege that he obtained an order from the court of appeals authorizing this Court to consider his successive petition, and there is nothing before the Court suggesting such; therefore, his instant petition is due to be dismissed as an improper successive petition.

## II.  DISCUSSION

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to [*sua sponte*] examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state."  Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999); see Clark, 2017 U.S. Dist. LEXIS 194551, 2017 WL 9478488, 1 (N.D. Ga. Oct. 30, 2017)(utilizing Rule 4 to recommend the dismissal of a clearly successive § 2254 petition)(citing McFarland v. Scott, 512 U.S. 849, 856 (1994)(stating that Rule 4 dismissal is appropriate when a petition "appears legally insufficient on its face").  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Indeed, "the petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)(citations omitted); accord Tompkins v. Secretary, Dep't of Corrs., 557 U.S. 1257, 1259 (11th Cir.) cert. denied, 555 U.S. 1161 (2009)("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."); Morales v. Florida Dep't of Corrs., 346 Fed. Appx. 539, 540 (11th Cir. Sept. 29, 2009)("[i]n order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. . . . Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.").

Because there is no indication in the record that Gates has obtained such authorization, this Court lacks jurisdiction to consider the merits of the instant successive petition. See Walker v. Alabama, 2017 U.S. Dist. LEXIS 78199, *4, 2017 WL 2729110, *2

(S.D. Ala. May 22, 2017), *report and recommendation adopted*, 2017 WL 2729090 (S.D. Ala. June 23, 2017)("Because [petitioner] has not filed a motion in the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider his petition nor been granted leave to file a second habeas petition, this Court lacks jurisdiction to consider the instant petition. . . . Accordingly, the instant petition is due to be dismissed, without prejudice, for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(3)(A))(citations omitted); <u>Gilreath v. State Bd. of Pardons & Paroles</u>, 273 F.3d 932, 933 (11th Cir. 2001)("Because this undertaking would be [petitioner's] second habeas corpus petition and because he had no permission from us to file a second habeas petition, we conclude that the district court lacked jurisdiction to grant the requested relief.").

Accordingly, the instant petition is due to be dismissed, without prejudice, for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(3)(A).

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition

only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." ' "). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant successive petition or that Gates should be allowed to proceed further. Slack, supra, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the

petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. Brightwell v. Patterson, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); see also Castrejon v. United States, 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), report and recommendation adopted, 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); Griffin v. DeRosa, 2010 WL 3943702, *4 (N.D. Fla. Sept. 20, 2010)(providing for same procedure), report and recommendation adopted sub nom., 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The undersigned Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus, filed by Todd Jeffrey Gates pursuant to 28 U.S.C. § 2254, be **DISMISSED without prejudice** due to Petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal in forma pauperis.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **2nd** day of **June, 2021.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**