**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

TODD JEFFREY GATES,                    *
                                       *
        Petitioner,                    *
                                       *
vs.                                    *   CIVIL ACTION NO. 21-00237-KD-B
                                       *
CHRISTOPHER GORDY,                     *
                                       *
        Respondent.                    *

**REPORT AND RECOMMENDATION**

This case is before the Court on Todd Jeffrey Gates' motion to alter, amend, or vacate the district court's judgment dated July 2, 2021. (Doc. 12).[1] Upon consideration of all matters presented, the undersigned **RECOMMENDS**, for the reasons stated herein, that Petitioner's motion to alter, amend, or vacate (Doc. 12) be **DENIED**.

**I. Background**

Petitioner Todd Jeffrey Gates ("Gates"), proceeding *pro se*, alleges that the judgment entered by the district court in this case on July 2, 2021 (Doc. 11), should be vacated because the district court erroneously dismissed his second § 2254 habeas

_____

[1] Petitioner's motion has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S).

petition on the ground that he had not obtained an order from the court of appeals authorizing the district court to consider his successive petition. (Doc. 12 at 1-2). Gates bases the instant motion on his erroneous assertion that his petition was not successive because his first habeas petition, dismissed in <u>Gates v. Crowe</u>, CV-18-270-TFM-MU (S.D. Ala.), was not adjudicated on the merits. (<u>Id.</u> at 2). To the contrary, Gates' first petition was considered, at length, on the merits and ultimately dismissed as meritless on April 3, 2019. (<u>See</u> CV-18-270-TFM-MU, Docs. 16, 20, 21). Thus, the Court finds that Gates' motion to alter, amend, or vacate the district court's judgment of July 2, 2021, is misplaced and due to be **DENIED.**

## II. Standard of Review

Under Rule 60 of the Federal Rules of Civil Procedure, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding [.]" Fed. R. Civ. P. 60(b). Such relief is only available in the following limited situations:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A Rule 60(b) motion must be made "within a reasonable time" and, in any event, not more than one year after judgment for reasons arising out of an opposing party's fraud, misrepresentation, or misconduct. Fed. R. Civ. P. 60(c). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of the facts." Stansell v. Revolutionary Armed Forces of Colombia, 2013 WL 12132057, *3 (M.D. Fla. Apr. 29, 2013)(citing Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005)(holding that the "desire for a judicial process that is predictable mandates caution in reopening judgments.").[2]

## III. Discussion

In Gates' motion to alter, amend, or vacate judgment (Doc. 12), he argues that the district court's judgment of July 2, 2021, which dismissed his second petition as successive, should be vacated because his petition was not successive. (Id. at 2). As discussed, Gates erroneously states that his first petition was not considered on the merits, and, thus, his second petition was

---

[2] Gates does not argue fraud on the Court under Fed. R. Civ. P. 60(d)(3) nor a clerical error under Rule 60(a).

not successful.  (Id.).  Gates' argument is without merit.

To support his argument that the Court did not consider his first petition on the merits, Gates relies unsuccessfully on the Court's observation in its order dismissing his first habeas action (Doc. 16, CV-18-270-TFM-MU) that any *new* claims that Gates might attempt to raise would be procedurally barred.  The foregoing notwithstanding, a review of the order in CV-18-270-TFM-MU demonstrates that, in Gates' initial habeas proceedings, the Court considered at length, and ruled on the merits of, Gates' claims which challenged the very same convictions he sought to raise in the instant, second habeas action.

Indeed, in dismissing Gates' instant habeas petition as successive (Doc. 8), this Court discussed the fact that the Court's order in the first habeas action (CV-18-270-TFM-MU, Doc. 16), reflected that Gates challenged the same 2010 convictions that he raised in the instant § 2254 habeas petition, namely, his 2010 convictions for receiving stolen property (CC-06-413) and rape (CC-09-2292).  Moreover, in the instant petition, Gates raised the same argument related to the state court's alleged "lack of jurisdiction or authority" that he raised in the first habeas petition, which argument the earlier Court considered and rejected on the merits.[3]  (See CV-18-270-TFM-MU, Doc. 16).  Thus, Gates'

---

[3] The state court also denied on the merits Gates' lack of authority/jurisdiction claim as to these convictions.  (See 18-

second habeas petition in the instant action was successful. See Clark v. McLaughlin, 2017 U.S. Dist. LEXIS 194551, *2, 2017 WL 9478488, *1 (N.D. Ga. Oct. 30, 2017), *report and recommendation adopted*, 2017 WL 5736241 (N.D. Ga. Nov. 27, 2017). Because Gates did not allege that he obtained an order from the court of appeals authorizing this Court to consider his successive petition, and there was nothing before the Court suggesting such, his petition was dismissed as an improper successive petition. (Doc. 8).

In his motion to alter, amend, or vacate judgment (Doc. 12), Gates sets forth no grounds which would warrant setting aside a judgment under Rule 60(b), nor does he even attempt to state such grounds. Rather, he simply argues that the Court in the instant case erred in finding his second petition to be successive because the first habeas petition was not decided on the merits. He is incorrect, and his meritless argument provides no grounds for Rule 60(b) relief.

Because Gates has failed to demonstrate any entitlement to the relief he seeks, his motion is due to be **DENIED**.

### IV. Conclusion.

For the foregoing reasons, it is hereby **RECOMMENDED** that Petitioner Gates' motion to vacate (Doc. 12) the judgment entered in this case on July 2, 2021, be **DENIED**.

---

270-TFM-MU at Doc. 9-7 at 11 and Doc. 16 at 23-24).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **November, 2021.**

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE